**Doris POISSON, Plaintiff,**

**v.**

**ALLSTATE LIFE INSURANCE CO., Defendant.**

**Civ. No. 85–0232 P.**

United States District Court,
D. Maine.

July 17, 1986.

Arthur R. Dingley, Jon Holder, Holder & Grover, P.A., Portland, Me., Hugh Calkins, Dover-Foxcroft, Me., for plaintiff.

William J. Kayatta, Jr., Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER DENYING THE OBJECTION OF THE PLAINTIFF AND ACCEPTING THE RECOMMENDED DECISION OF THE UNITED STATES MAGISTRATE

GENE CARTER, District Judge.

The Plaintiff, Doris Poisson, has filed an objection to a Recommended Decision of the United States Magistrate that this Court grant the Defendant's motion for partial judgment on the pleadings and deny Plaintiff's cross-motion. The Court has considered the Plaintiff's objection and made a *de novo* review of the issue raised, and has concluded that it concurs with the Magistrate's opinion.

The issue before the Court is whether a private insurer may seek reimbursement of benefits paid pursuant to a disability plan which is integrated with the receipt of government benefits, when a beneficiary receives a lump-sum retroactive Social Security disability payment.[1] The facts as stated by the Magistrate are as follows:

December, 1979, Poisson became disabled from performing her job as a teletype operator for Sears, Roebuck & Company ("Sears") and has not been able to work since that time. (Complaint ¶ 9A; Answer ¶ 9) At the time of her disabili-

---

**1.** An integrated plan provides variable benefits dependent upon the amount of benefits the insured receives under other programs.

ty, Poisson was insured under the Policy, issued by Allstate Life, for the employees of Sears. (Complaint ¶ 7; Answer ¶ 7) Allstate Life approved and paid Poisson's claim for long-term disability benefits. (Complaint ¶ 9c; Answer ¶ 9)

While receiving those benefits from Allstate Life, Poisson's application for Social Security benefits was twice denied. (Complaint ¶ 9s; Answer ¶ 9) Poisson successfully appealed her lump-sum payment. (Complaint ¶ 9f–g; Answer ¶ 9) Allstate Life, relying upon provisions of the Policy, informed Poisson that her receipt of retroactive Social Security benefits resulted in an "overpayment" of her insurance benefits in the amount of $5,375.13. (Complaint ¶ 9g; Answer ¶ 9) Accordingly, Allstate Life informed Poisson that if reimbursement of this overpayment was not made, then Allstate Life would recover the overpayment by reducing future benefit payments under the policy. (Complaint ¶ 9h; Answer ¶ 9) Poisson protested, but chose to pay the $5,375.13 to Allstate Life rather than have her future insurance benefits reduced. (Complaint ¶ 9i; Answer ¶ 9)

In Count III of Plaintiff's Complaint, she alleges that the Defendant attempts to recoup money from Plaintiff because of her receipt of a retroactive Social Security benefit violates 42 U.S.C. § 407.[2] That section states:

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the money paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a) (Supp. II 1984).

The issue of whether an integrated plan violates section 407 was addressed in *Hurd v. Illinois Bell Telephone Co.*, 136 F.Supp. 125 (D.Ill.1955), *aff'd* 234 F.2d 942 (7th Cir.), *cert. denied* 352 U.S. 918, 1 L.Ed.2d 124 (1956). In that case, recipients of a private retirement pension which decreased as Social Security benefits increased challenged the policy as violative of section 407(a) arguing "where the receipt of the Social Security payment is the sole legal ground for the reduction ... of a [retirement benefit] ... there is a corresponding shift in the economic benefit of the Social Security payment, and ... a transfer under section 407." 136 F.Supp. at 141.

The Court rejected this argument, stating "Section 207 was never intended to freeze a worker's private pension at a particular level. It was concerned only with guaranteeing that the worker would actually receive for his own use the amount due him under the Social Security Act." *Id.* at 142. The Court noted that the possibility of offset was recognized in congressional hearings on this provision and that, subsequent to enactment, the existence of this practice was noted in hearings regarding amendments to the Social Security Act, yet Congress did not amend section 407. *Id.* at 142–44.

Similarly, in *Lamb v. Connecticut General Life Insurance Company*, 643 F.2d 108 (3d Cir.), *cert. denied* 454 U.S. 836, 102 S.Ct. 139, 70 L.Ed.2d 116 (1981), the Court found that a plan which decreased private benefits commensurate with Social Security increases did not violate section 407. It stated that in that situation, "[Plaintiff]'s legal right to receive her Social Security payments and the increases is uncontested." 643 F.2d at 110.

Plaintiff's situation in the instant case is the same as that presented in *Hurd* and *Lamb* except that administrative error and delay caused the Plaintiff to receive part of her benefits in a lump sum rather than on a periodic basis. As the Magistrate noted, this fact alone does not change the legality of the offset provision of the group plan. The Defendant did not assert entitlement to the Plaintiff's Social Securi-

---

2. In her legal memoranda Plaintiff also disputes that the Defendant may set off payments from periodic benefits under section 407 but does not challenge this practice in her Complaint.

ty benefits in any way. Rather, the Defendant asserted that its contractual obligation to the Plaintiff is payment of a dollar amount which maintains her income at a contractually agreed upon level, depending on other benefits she receives. The fact that Plaintiff ultimately received Social Security benefits for months past rather than present does not change the nature of the contract. Allstate sought return of an alleged overpayment, not a right to Plaintiff's Social Security benefits as such.

This is fundamentally different from the situation presented in either *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973), or *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), upon which Plaintiff relies. In *Hisquierdo* the Court overturned a California Supreme Court decision which applied community property rules to award the respondent an interest in her husband's expectancy of benefits under the Railroad Retirement Act of 1974. 45 U.S.C. §§ 231–231v. The Railroad Retirement Act includes a provision that is similar to section 407. It states:

> Notwithstanding any other law of the United States, or of any state, territory, or the District of Columbia, no annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated....

45 U.S.C. § 231m. The Court held that Mrs. Hisquierdo could not obtain a judgment which ordered her husband to either pay her an appropriate portion of his benefit or transfer a share of community property reflecting her expected interest in future benefits. The first arrangement specifically assigned the benefits to Mrs. Hisquierdo in violation of the anti-assignment clause of the Railroad Retirement Act. The second violated the portion of the stat-

ute prohibiting anticipation of benefits, a clause *not included* in section 407. 439 U.S. at 593, 99 S.Ct. at 814.[3]

In *Philpott*, the Court held that the State of New Jersey could not seize federal benefits placed in trust by the United States for the plaintiff, in order to satisfy its claim for reimbursement of state benefits. In contrast, the Defendant in this case did not seek to attach Plaintiff's benefits. As the Magistrate noted, the *Philpott* court did *not* hold that the State could not pursue a claim for reimbursement resulting from the payment of federal benefits, *id.* at 592, 99 S.Ct. at 813–14, analogous to the Defendant's actions in this case.

Accordingly, it is ORDERED that:

(1) the Recommended Decision of the Magistrate be, and is hereby, ACCEPTED;

(2) the Defendant's Motion for Partial Judgment on the Pleadings be, and is hereby, GRANTED; and

(3) Count III of Plaintiff's Complaint be, and is hereby, DISMISSED.

---

**3.** Even if this prohibition were included in section 407, the Plan in this case would not violate it. The Defendant does not seek payment in

anticipation of a recipient's receipt of benefits, only reimbursement of overpayment which became clear upon receipt of the benefits.