WASHINGTON NATIONAL INSURANCE COMPANY v.
OLLIE AND CONWAY.

4-6024—4-6027 (consolidated)        142 S. W. 2d 226

Opinion delivered July 8, 1940.

*R. J. Wetterlund, Compere & Compere* and *Rose, Loughborough, Dobyns & House,* for appellant.

*L. Weems Trussell, Ovid T. Switzer* and *Clinton J. Campbell,* for appellee.

McHANEY, J. On March 1, 1937, appellant issued its group insurance policy No. J 169-C to the Crossett Lumber Company and affiliated companies. At the same time it issued certificate No. 575 to Chester Ollie, an employee of the Crossett Chemical Company, and certificate No. 144 to Roy Conway, an employee of the Crossett Lumber Company. Appellee, D. A. Ollie, is the mother of Chester Ollie and beneficiary named in his certificate. Appellee, Olivia Conway, is the widow of Roy Conway and beneficiary named in his certificate.

The master policy, as also the certificates, contained provisions for disability benefits to the certificate holders, and a supplement thereto issued at the same time provided for death benefits to such holders in this language: "Upon receipt of due proof of the death, during the continuance of this Supplement to Group Accident and Health Policy No. J 169-C, or any renewal thereof, of any insured employee, the company agrees to pay," etc. Another provision is: "This policy may be renewed for successive periods of one year with the consent of the employer and at the option of the company."

By agreement between the employer and appellant, the policy was canceled as of February 28, 1939, at

which time both Chester Ollie and Roy Conway were disabled by disease and were receiving weekly disability benefits, said Ollie having become ill of pulmonary tuberculosis on February 7, 1939, and said Conway having become ill of the same disease on December 29, 1938. Disability benefits were paid to each of them from said dates until their respective deaths, Ollie having died on May 19, 1939, and Conway on June 15, 1939. Their respective beneficiaries demanded payment of the death benefits provided in said supplement, which was refused, and they brought separate actions to recover. Trials to the court sitting as a jury resulted in a judgment in each case against appellant for $500, penalty and attorney's fee, from which is this appeal.

The facts are not in dispute, but are stipulated. On February 28, 1939, the employer canceled the group insurance contract in accordance with the clause therein, above quoted. Thereafter, appellant continued to make disability payments to Ollie and Conway, and refused to accept premium payments tendered by the employer on the lives of those of its employees who were disabled on the date of cancellation, the amount of such premiums so tendered being at the rate payable for said employees while they were insured under said group policy.

We think the question presented is one of law and that the language used in the death benefit supplement is decisive of this case. Appellant agreed to pay death benefits only "upon receipt of due proof of death, during the continuance of this supplement to Group Accident and Health Policy No. J 169-C, or any renewal thereof, of any insured employee." Now, it is undisputed that said insureds' deaths did not occur "during the continuance of this supplement," but occurred some time after its cancellation by the employer. The trial court took the view, urged by appellees, that by reason of their disability said Ollie and Conway had acquired vested rights in the death benefit supplement which could not be affected by the employer's decision not to renew the policy after the expiration of its second year. To this we cannot give our assent. We do agree that they acquired a vested right to a continuation of

the payment of disability benefits for the period of 26 weeks covered by the policy, or until their death or recovery from such disability, if either occurred within 26 weeks, and appellant so considered it and made the payments. But neither appellees, nor their respective insureds, could acquire a vested right contrary to the express language of the policy conferring such right. The policy provided for weekly benefits not to exceed 26 weeks. Both Ollie and Conway had tuberculosis. It is reasonable to suppose they might have lived longer than 26 weeks and still have died with tuberculosis. Could it reasonably be insisted that they had a vested right to collect death benefits no matter how long they might have lived? We think not.

In this view of the matter, it becomes unnecessary and beside the point to discuss other questions raised in the briefs, and the cases cited do not appear to be in point. We simply hold that the death benefits terminated with the cancellation of the policy and that a vested right to disability benefits cannot give a vested right to death benefits contrary to the express language of the policy conferring such benefits.

The judgments will therefore be reversed, and the causes dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.