Ben TAYLOR, Plaintiff,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.

No. 66 C 228.

United States District Court
N. D. Illinois, E. D.

Jan. 31, 1969.

Henry J. Kaganiec, Chicago, Ill., for plaintiff.

Thomas A. Foran, U. S. Dist. Atty., Michael P. Siavelis, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is a suit to review a final decision of the Secretary of Health, Education and Welfare who, acting under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), denied plaintiff's application for the establishment of a period of disability under section 216(i) of the Act, 42 U.S.C. § 416(i), and for disability insurance benefits, as provided by section 223 of the Act, 42 U.S.C. § 423. This action was previously before this court; and the Court, on its own motion, on April 5, 1967, remanded the case to the Secretary of the Department

of Health, Education and Welfare, directing that additional evidence be obtained. Now that additional evidence has been secured and the Secretary's final report and decision as to disability is before the court, each party has moved for summary judgment.

The issue before this court is whether the decision of the Secretary to deny Mr. Taylor the benefit of disability insurance under the Social Security Act is supported by substantial evidence on the whole record. 42 U.S.C. § 405(g); *See, also*, Moon v. Celebrezze, 340 F.2d 926, 930 (7th Cir. 1965), and cases cited therein. The provisions of the Social Security Act which constitute the frame work for the necessary gathering of evidence on which the Secretary's decision must be based, read in pertinent part as follows:

(d) (1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *.

* * * * * *

(2) For purposes of paragraph (1) (A)—

(A) an individual (except a widow, surviving divorced wife, or widower for purposes of section 402(e) or (f) of this title) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * * * * *

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and diagnostic techniques. 42 U.S.C. § 423.

It has been the Secretary's consistent judgment that the only objective medical evidence of plaintiff's physical condition during the period of insured status which should be considered as interfering with the claimant's ability to work is evidence of "moderate osteoarthritic change." On the basis of this evidence, together with the testimony of physicians who examined the claimant and stated that he should be able to perform light work, and the listing by a vocational expert of some jobs which a man in the claimant's condition could have performed during the period of insured status, the Secretary concluded that the claimant did not suffer from a "disability" as that term is defined under the Social Security Act. However, a review of the record established before the Secretary reveals that, in making this determination, the Secretary has subtly but surely misconstrued the mandate embodied by Congress in the Social Security Act.

■■ To begin with, while Congress amended the Social Security Act in

1965, among other purposes, "to reemphasize the predominant importance of medical factors in the disability determination," S.Rep.No. 744, 90th Cong., 1st Sess., in U. S. Code Congressional and Administrative News, 1967, Vol. 2, p. 2882, it has never been Congress' intention that administration of the Act depend on anything other than appraisal of a particular individual's case. The record in the instant case discloses, however, that by virtue of the manner in which the Secretary has considered the objective medical evidence, there has been a shift of focus away from the individual claimant, Mr. Ben Taylor, to a category of people with "moderate osteoarthritic changes." The Secretary's first and basic conclusion in this case is that although there is evidence that may tend to indicate physical infirmity other than moderate osteoarthritic changes, the arthritic condition is the only infirmity which was definitely established and therefore the question of disability must be disposed of by asking whether an individual with an arthritic problem such as Mr. Taylor's could have been employed during the period of insured status. But as plaintiff's counsel points out, a more complete summary of the evidence might describe claimant's condition during the period of insured status to include degenerative changes in his spine, i.e., the bulging of the annulus at the L2–3, L3–4 and L4–5 disc levels, vascular insufficiency of both lower extremities, neurological involvement following a luetic infection, and neurological symptoms occurring as severe pain in claimant's legs and elsewhere.

Testimony suggests that this latter condition is due to heavy treatment on claimant's left hip and subsequent positive myelogram and spinal fluid examination. Our recognition of this description of the evidence should not be understood as a second-guessing of the Secretary's determination that what might be described as "moderate osteoarthritic changes" was the only definitely established physical disability during the period of insured status.

However, the objective medical evidence comprehensively viewed lays a firm basis for the significance of another basic category of evidence which is presented in this case and is not adequately reflected by the Secretary's determination.

It has been well established through application and interpretation of the provisions of the Social Security Act that an essential category of evidence which may be presented and may be essential to resolution of the issue of disability is subjective evidence of pain and disability testified to by plaintiff, corroborated by the testimony of others and the record of work experience, and possibly founded on objective physical evidence as are Mr. Taylor's complaints of recurring severe pain and disability in the instant case. The significance of this subjective evidence has, for instance, been outlined by the Fourth Circuit Court of Appeals in Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962) in its statement that

* * * there are four elements of proof to be considered in making a finding of Claimant's ability or inability to engage in any substantial gainful activity. These are: (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses, and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability testified to by Claimant, and corroborated by his wife and his neighbors, (4) Claimant's educational background, work history, and present age. Id. at 851.

This same categorization of the necessary proof has been repeated with approval, Thomas v. Celebrezze, 331 F.2d 541, 545 (4th Cir. 1964). But whatever the breakdown of evidence, subjective evidence of pain and disability testified to by the claimant is generally acknowledged to be relevant under the Act. In-

deed, very substantial precedent exists in support of the proposition that "[s]ubjective complaints of pain may entitle a claimant to disability benefits under the Social Security Act even though such complaints are not supported by objective clinical findings." *See, e.g.,* Goodwin v. Gardner, 250 F.Supp. 454, 458 (N.D.Calif., 1966) and cases cited therein.

■ Beyond this question of the significance to the attributed to the overall evidence in this case, the decision of the Secretary reflects a misconception of the Congressional intention in another fundamental sense. The Secretary has assumed that because a man may be physically able to perform the acts which comprise the doing of a certain job, that man can "engage in * * * substantial gainful employment" as the phrase is intended to be understood under the Act. But there is a very real practical difference between the ability to perform the acts which constitute a certain job and the ability to hold down that job. It is undisputed and the evidence substantiates that the claimant in the instant case has a personal history of chronic neurological problems and sudden and disabling pain. In terms of plaintiff's ability to have stayed with a job for a period that could reasonably amount to engaging in substantial gainful employment, the answer to the question whether there was disability under the Act must, as a matter of practical fact, apparently be contrary to the ultimate determination of the Secretary.

■ ■ It should be noted that this question of plaintiff's ability to retain a job is distinct from the question of hireability. The Secretary rightly points out that the Act provides that disability must be established regardless of whether the claimant would be hired if he applied for work; but the Secretary wrongly assumes away the separate and critically significant question whether or not the evidence shows that the claimant could successfully remain employed in a job. The examining physicians have testified with respect to different physi-

cal problems attributed to plaintiff that it was possible that plaintiff could have performed some "light" or "semi-sedentary" work. But considering the evidence on the whole record, and including the subjective evidence which was either understated or not stated at all in the hearing examiner's framing of his questioning of the examining physicians, it is clear that any such possibility was not so substantial as to justify the denial of the disability benefits to Mr. Taylor.

■ In the same manner, the testimony of the vocational expert to the effect that plaintiff could have performed certain jobs during the period of insured status was divorced from the reality of plaintiff's individual case. As the government itself states in its memorandum to the court, the testimony of the vocational expert was "based on the assumption that plaintiff would be unable to do heavy lifting or work involving extensive bending, walking or standing but that light work was feasible from a physical standpoint." Consequently, the testimony of the vocational expert was based on the same improper framing of the evidence, and was based on the same confusion as to whether Mr. Taylor could in fact have successfully engaged in gainful employment.

■ What must finally be recognized is that the misconception we have outlined results in a devitalization and dehumanization of the Social Security Act. The statute is devitalized and its coverage over-restricted, because under the interpetation applied by the Secretary in this case, unless an undividual is virtually completely disabled and inert, he can perform the acts involved in some employment and is therefore precluded from disability benefits even though he could not hold down a permanent job. Also, under the interpretation of the Act applied by the Secretary in the instant case, the individual man is forgotten through disregard of his subjective claims and official indulgence in hypothetical conclusions about an average man. While "it is, and has been, the in-

tent of the statute to provide a definition of disability which can be applied with uniformity and consistency throughout the Nation, without regard to where a particular individual may reside, to local hiring practices or employer preferences, or to the state of the local or national economy." S.Rep.No. 744, 90th Cong., 1st Sess., in U. S. Code Congressional and Administrative News, 1967, Vol. 2, p. 2882, it was certainly intended by Congress that the particular individual's case should be the particular concern of any investigation of a claim of disability. For example, as appears in section 423 quoted above, the Statute specifically provides that the investigation shall include detail as to the claimant's age, education and work experience. Moreover, the courts have recognized and insisted that

> * * * "[t]he definition of disability cannot be considered in *vacuo*. The definition relates to the individual claimant. '(T)he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has.'" Sobel v. Flemming, 178 F.Supp. 891, 894 (E.D. Penn., 1959), citing Dunn v. Folsom, 166 F.Supp. 44, 48 (W.D. Ark., 1958); Klimaszewski v. Flemming, 176 F. Supp 927, 931 (D.C., 1959).

For the foregoing reasons, we find that the Secretary's determination in this case is not supported by substantial evidence, and that on the basis of the final record, including the hearing examiner's finding that plaintiff last met the special earnings requirement for disability insurance on September 30, 1956, Mr. Taylor should be allowed disability benefits for the period of insured status. Pursuant to this court's authority under 42 U.S.C. § 405(g), which provides that the reviewing court "* * * shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing," defendant's motion for summary judgment is denied and plaintiff's motion for summary judgment is granted. An appropriate order will enter.