**Sarah ZISKIN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 4292.**

United States District Court,
S. D. Ohio, W. D.

Dec. 7, 1973.

Jacob A. Myers, Kusworm & Myers, Dayton, Ohio, for plaintiff.

Arthur D. Jackson, Jr., Asst. U. S. Atty., for Wm. Milligan, U. S. Atty. S. D. Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

WEINMAN, District Judge.

This is an action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary of Health, Education, and Welfare that the plaintiff is not entitled to child's insurance benefits under section 202(d) of that Act, 42 U.S.C. § 402(d), as a "disabled child."

The plaintiff filed an application for child's disability insurance benefits on February 17, 1970, on the account of her father, Ben Ziskin, who died on February 27, 1969. She has alleged that she became disabled from the "effects of polio at age 2". The application was denied administratively. The plaintiff requested and was granted a hearing before a hearing examiner of the Bureau of Hearings and Appeals, Social Security Administration. The hearing was held on December 16, 1971. The hearing examiner, before whom the plaintiff and her sister appeared, considered the case *de novo*, and on December 29, 1971, found that plaintiff was not under a disability starting on or before June 25, 1922, the date she became 18 years of age. This became the final decision of the Secretary of Health, Education, and Welfare when the Appeals Council of the Bureau of Hearings and Appeals approved it on June 27, 1972.

Each party in this case has moved for summary judgment, thereby asserting that he is entitled to prevail in the case as a matter of law, Fed.R. Civ.P. 56. The standard of review

this Court must follow in these cases is contained in section 205(g) of the Social Security Act, supra. The final decision of the Secretary must be upheld if examination of the whole administrative record reveals that the decision of the Secretary is based on substantial evidence, Harrison v. Richardson, 448 F. 2d 638 (6th Cir. 1971). This means the record must contain such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). To be substantial, evidence must rise to a higher degree than a mere scintilla, but still may be somewhat less than a preponderance of the evidence, Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968). With regard to burden of proof, it is plaintiff's initial duty to establish his entitlement to disability benefits under the Act, May v. Gardner, 362 F.2d 616 (6th Cir. 1966). Plaintiff makes out a prima facie case by showing that he is unable to work at his usual occupation. The burden then shifts to the Secretary to produce evidence that will justify a finding that there is available some other kind of substantial gainful employment plaintiff is able to perform, Goad v. Finch, 426 F.2d 1388 (6th Cir. 1970). These are the legal standards which this Court must observe in review of this case.

■■■ The requirements for entitlement to child's insurance benefits appear in section 202(d) of the Act, *supra*. As specifically pertinent to this case, they provide that an applicant for such benefits who has attained age eighteen (18) and is not a full time student must be "under a disability (as defined in section 223(d)) which began before he attained the age of eighteen. . . ." The "disability" one must show to qualify for child's insurance benefits is defined at section 223(d) of the Act. One must be unable to engage in any substantial work, taking into account his present age, education and work experience before he will be entitled to benefits. The disability must be the result of a medically determinable physical or mental impairment which, inter alia, can be expected to last for a continuous period of not less than twelve months. *See generally,* 42 U.S.C. §§ 402(d) 416 (i), 423(d). The inherent nature and purpose of the Social Security Act is such that Courts must naturally be disposed to construe it liberally and, if legally proper, in favor of the party seeking its benefits. Lietz v. Flemming, 264 F.2d 311 (6th Cir. 1959). This liberal perspective also applies to the award of children's benefits, the purpose of which is to "provide at least some measure of income and security to those who have lost a wage-earner on whom they depended." Davis v. Richardson, 342 F.Supp. 588 (D.Conn.1972). It is with these legal standards and considerations in mind that the Court now turns to review of the present case.

■■ The plaintiff in this case is the child of a deceased wage-earner. Plaintiff is a woman. She was born in 1904. She underwent surgery on her right foot when she was ten years old and knee surgery when she was fifteen, but her present claim is based on the assertion that she has been disabled since the age of two due to a severe attack of polio which she experienced at that age. The pertinent provision of the Act requires that she be disabled prior to attaining age eighteen. See, 42 U.S.C. § 402(d). The government does not dispute that the plaintiff is presently disabled under the terms of the Act. However, the fact that plaintiff was able to earn a college degree in education and did teach school for a time is proof in the eyes of the government that plaintiff was not disabled prior to age eighteen. But the record must be closely scrutinized to determine whether substantial evidence supports that conclusion. The Code of Federal Regulations, for example, addresses the matter thusly:

"Whether or not an impairment in a particular case involving disability insurance benefits . . . constitutes a disability, . . . is determined from *all* the facts of that case.

Primary consideration is given to the severity of the individual's impairment." (emphasis supplied) 20 C.F.R. § 404.1502(a).

That is certainly reasonable. It would not be fair for the Court to confine itself to consideration of merely part of the facts of a case. Thus, the fact that plaintiff earned a college degree and taught school for a while after she became age eighteen is not so important as the manner in which she did so and the quality of her ability to function as a self sufficient economic entity viewed in the context of the totality of the facts and circumstances of her particular case. The law requires that the plaintiff be evaluated as an individual, and judged in light of all of her personal assets and liabilities. Haskins v. Finch, 307 F.Supp. 1272 (W.D.Mo.1969).

Plaintiff did work for a time as a school teacher after becoming age eighteen. However, she and her sister, who testified on her behalf, both agreed that she got the job through "political pressure" and the skilled services of a lawyer working on her behalf, rather than on the basis of her merit and ability as a teacher. The government took this matter rather too lightly in its evaluation of plaintiff. The plaintiff and her sister also testified as to the tremendous difficulty she encountered in trying to teach, and her woeful record of inadequacy as a teacher due to her poor physical condition. These assertions were supported and buttressed by a letter from the man who was School Superintendent at the time plaintiff tried to teach. In another letter written on plaintiff's behalf, her sister stated that, as a teacher, plaintiff "fell too often while on the job" and that there was, on the part of school administrators, a prolonged and concerted effort to "ease her [plaintiff] out of the school system" due to her poor health. This statement is supported by the letter from plaintiff's previous School Superintendent, and the record is completely bare of evidence to the contrary. It is also supported by plaintiff's testimony and her work experience as a teacher. The record shows that plaintiff was never a self sustained, capable school teacher. She seems rather to have acted as a highly spirited victim of polio who was the recipient of an unusual and commendable degree of pity, tolerance and indulgence from those who tried to secure for her a career as a teacher—an attempt at help destined to fail because of the destructive effects of polio.

The adequacy of one's job performance is a factor to be considered in determining disability. At 20 C.F.R. § 404.1532(d) it is stated that:

"(d) *Adequacy of performance.* The adequacy of an individual's performance of assigned work is also evidence as to whether or not he has ability to engage in substantial gainful activity. The satisfactory performance of assignments may demonstrate ability to engage in substantial gainful activity, while an individual's failure, because of his impairment, to perform ordinary or simple tasks satisfactorily without supervision or assistance beyond that usually given other individuals performing similar work, may constitute evidence of an inability to engage in substantial gainful activity. 'Made work,' that is, work involving the performance of minimal or trifling duties which make little or no demand on the individual and are of little or no utility to his employer, or to the operation of a business, if self-employed, does not demonstrate ability to engage in substantial gainful activity."

Yet, the government in this case hardly seems to have properly applied the above standards. The government also stresses plaintiff's earnings as a teacher. But, she had to cease her admirable attempt to teach due to her disability, and:

"Where an individual is forced to discontinue his work activities after a short time because his impairment precludes continuing such activities, his earnings would not demonstrate

ability to engage in substantial gainful activity." 20 C.F.R. § 404.1534(a). Although the record shows that plaintiff tried to work after she reached age eighteen, it also shows that she was never really able to do so. The Act is remedial in purpose, and plaintiff need not prove her case beyond a reasonable doubt. Lowe v. Finch, 297 F.Supp. 667 (W.D.Va.1969). The plaintiff must be evaluated as an individual. The government must realize that "there is a very real practical difference between the ability to perform the acts which constitute a certain job and the ability to hold down that job." Taylor v. Gardner, 297 F.Supp. 743 at 747 (N.D.Ill.1969). The plaintiff has simply never "held down" a job as a teacher as that function would be understood by ordinary people when they conceive of a "teacher." Plaintiff's abstract theoretical ability to teach, due to the fact that she holds a college degree, has not been proven by her experiences. It is rightly and aptly stated in plaintiff's brief that:

"The effect of denying plaintiff's claim for benefits is in essence to penalize her for attempting, in spite of her disability, to make a positive social and economic contribution to her community. That effort, because of plaintiff's disability, was destined to fail, but to penalize plaintiff for *making* such an unsuccessful attempt is clearly outside the spirit of the Social Security Act.

"It is clear then that although plaintiff did secure temporary employment after the onset of her disabilities due to polio, that employment, because of disabilities which *began* prior to her reaching age 18, was inevitably of a temporary nature and can in no way be considered substantial gainful employment which would preclude plaintiff's eligibility for benefits."

Accordingly, the Secretary's motion for summary judgment in this case is denied; plaintiff's like motion is granted. It is also the judgment of this Court that the decision of the defendant Secretary of Health, Education and Welfare is not supported by substantial evidence and is not in accordance with applicable law, and is therefore reversed pursuant to 42 U.S.C., § 405(g).