302 So.2d 397 (1974)
Mrs. John M. WALKER, widow of John M. Walker, Plaintiff-Appellant,
v.
FIDELITY BANKERS LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 9909.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
*398 Charles J. Pisano, New Orleans, for plaintiff-appellant.
Silas Cooper and Gary E. Theall, Abbeville, for defendant-appellee.
Before SARTAIN, J., and BAILES and LaHAYE, JJ. Pro Tem.
LaHAYE, Judge Pro Tem.
Plaintiff, Mrs. John M. Walker, filed this action to recover death benefits under a group insurance policy issued by defendant Fidelity Bankers Life Insurance Company (hereinafter "Fidelity Bankers").
The trial court denied recovery, holding that the life insurance coverage had terminated prior to the death of plaintiff's husband, and she perfected this appeal. We affirm.
The facts are not in dispute. Mr. Walker was an eligible member of a union the board of trustees of which had contracted with Fidelity Bankers for a group policy providing life insurance, accidental death and dismemberment insurance and disability insurance. On March 28, 1970, Mr. Walker suffered a disabling heart attack. On March 31, 1970, the board of trustees terminated the master policy of Fidelity Bankers and purchased the same coverage from another insurer, effective April 1, 1970. Mr. Walker's disability continued until his death on March 15, 1971. Fidelity Bankers made disability payments until that time but denied liability for death benefits. The disability payments were owed under the following policy provision:
"If any employee, while insured under this policy for monthly disability benefits, becomes wholly and continuously disabled so as to be prevented any and every duty of his occupation, The Company will pay the applicable maximum monthly benefit shown in the Schedule of Insurance, beginning with the commencement date shown in such schedule."
It is clear that Mr. Walker's right to these payments vested while the master policy was in force, and was unaffected by its cancellation thereafter. However, plaintiff contends that another right was vested at the same time under the following policy provision:
"If any employee, while insured hereunder for life insurance and prior to his 60th birthday, shall become totally disabled (as herein defined), the company will continue the insurance in force on such employee, without payments of premiums, during the period he remains totally *399 and continuously disabled but not exceeding one year from the date of termination of premium payments for such employee."
The defendant contends that this clause only amounts to a waiver of premium and that the life insurance on all employees, whether they owed premiums or not, was terminated when the master policy was terminated under the following provision:
"The insurance of an employee shall automatically terminate hereunder at the earliest time indicated below: `1. The date of termination of this policy'."
We find this argument to be sound. The insurance contract, free of ambiguous language, determines the rights and duties of the parties, and must be enforced as it is written. LSA C.C. Arts. 1901, 1905. Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111; Vidrine v. Southern Farm Bureau Cas. Ins. Co., 247 So.2d 660 (La.App.3rd Cir., 1971). Once the master policy was cancelled, the insurer was relieved of any liability for the subsequent happening of the contingency covered by the policy. (See 68 A.L.R.2d 276). As was decided by the trial judge, at the time the master policy was terminated, the contingency insured against, death, had not occurred. Fidelity Bankers' contractual obligation was only to insure, although without payment of premiums; but the obligation to pay death benefits did not arise prior to the termination date of the policy. Also, the obligation to insure, with or without the payment of premiums, terminated on March 31, 1970. The occurrence of the disability did not give rise to a separate contract of "paid-up" life insurance, apart from the master policy.
Other policy provisions support the interpretation that the continued insurance without payment of premiums contemplated the continuance of the master policy. One clause provides that the coverage will be continued for additional periods of one year, if proof of continuing disability is supplied. If plaintiff's interpretation were followed, this would mean that the insurer would be bound for an indefinite number of years after termination of the policy. Another clause provides that "(1) If the employee ceases to be totally disabled and is then eligible for insurance under this policy, insurance will be continued only if premium payments are resumed." (Policy, page 12). Clearly, this contemplates that the policy must still be in force if the obligation to insure is to continue.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant's costs.
Affirmed.