ROSIE MEEKS, Plaintiff and Counterdefendant-Appellant, *v.* MUTUAL OF OMAHA INSURANCE CO., Defendant and Counterplaintiff-Appellee.

Third District   No. 78-444

Opinion filed April 26, 1979.

Baymiller, Christison & Radley, of Peoria, for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

In this appeal plaintiff Rosie Meeks seeks reversal of a summary judgment entered in the Circuit Court of Peoria County in favor of defendant Mutual of Omaha Insurance Company in an action to recover unpaid disability benefits.

While employed by Hiram Walker & Sons, Inc., in 1968, plaintiff became totally and permanently disabled and thereby qualified for disability benefits under a group insurance policy which provided for a monthly income benefit in the amount of $278.20. The policy also provided that the monthly payment should be reduced "by the total amount of benefits or compensation the protected person or any other party on his behalf receives or is entitled to receive from * * * Social Security." A "protected person" was defined as "all employees."

From November 21, 1968, to October 21, 1974, plaintiff received monthly disability benefit payments of $278.20 less the amount of her monthly social security check. In 1968 she received $110 monthly from social security with the payment increasing gradually to $185.80 in 1974. After discovering that plaintiff's dependent daughter also received social security benefits by means of monthly checks payable to plaintiff on behalf of her daughter, defendant ceased paying disability benefits. According to defendant, when credit was given for the social security payment for the daughter, the total social security benefits received by plaintiff were greater than $278.20 each month. Plaintiff subsequently filed this suit to recover past due disability benefits, and defendant responded with a counterclaim for amounts allegedly overpaid between 1968 and 1974. Plaintiff filed a motion for summary judgment in the amount of $2,697, and defendant filed its motion for summary judgment in the amount of $5,135. The trial court entered judgment for defendant, and plaintiff appeals.

The determinative issue in this cause is whether the policy provides for plaintiff's disability benefits to be reduced not only by the amount of

her social security benefits but also by the amount of her daughter's benefits. A court's only function is to ascertain and enforce the intention of the parties as expressed in the insurance contract, and where the contract language is plain and certain, it must be enforced as made. (*Lentin v. Continental Assurance Co.* (1952), 412 Ill. 158, 105 N.E.2d 735; 43 Am. Jur. 2d *Insurance* §257 (1969).) Here the policy plainly provides for disability benefits to be reduced by the amount of other benefits received (1) by the protected person or (2) by any other person on his behalf. Clearly plaintiff is a "protected person" and her daughter is not. The only question is whether supplementary social security payments to plaintiff on behalf of her daughter are "other benefits received" within the policy language. We think not.

Obviously the checks made payable to plaintiff on behalf of her daughter are not benefits received by any other person on plaintiff's behalf. The Social Security Act (42 U.S.C. §401 *et seq.* (1976)) provides that every dependent child of an individual who is entitled to social security benefits shall be entitled to a child's insurance benefit. (See 42 U.S.C. §402(d)(1) (1976).) We conclude from this that the benefit goes directly to the child, notwithstanding the prerequisite status of the mother.

While these payments are sent to plaintiff, she serves only as representative payee for the funds, somewhat in the nature of a trustee. Social security regulations require that such payments to a relative on behalf of a beneficiary must be used for current maintenance of the beneficiary and any not needed for that purpose must be conserved or invested on the beneficiary's behalf. (Social Security Reg. No. 4-Subpart Q, §§404.1604, 404.1605.) Hence, the payments made on behalf of plaintiff's daughter, while triggered by plaintiff's disability, nevertheless were not income to plaintiff or available for her needs. If the daughter were capable of receiving such payments in her own behalf, then the benefits would have been paid directly to her, and there would be no question of reducing plaintiff's disability income by the amount involved. The insurance contract does not provide for any different result where plaintiff serves as a representative payee for benefits due to a relative.

We believe plaintiff is entitled to recover the sum of $2,696.96 wrongfully withheld from her by defendant and that the judgment for defendant has no basis at law.

Hence, the judgment of the Circuit Court of Peoria County is reversed, and this cause is remanded with directions to enter judgment in favor of plaintiff consistent with the views expressed herein.

Reversed and remanded with directions.

BARRY and SCOTT, JJ., concur.