647 P.2d 1200

Marion L. BARBER; Frank Bennett and Jane Doe Bennett, his wife; Candelaria Bustos; John Albert Finch; Natalie Gonzales and Martha Lamertson, Plaintiffs-Appellants,

v.

OLD REPUBLIC LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 1 CA–CIV 5116.

Court of Appeals of Arizona, Division 1, Department B.

June 22, 1982.

Robbins & Green, P. A. by Gary E. Donahoe, William H. Sandweg, III, Phoenix, for plaintiffs-appellants.

Gust, Rosenfeld, Divelbess & Henderson by Richard A. Segal, Glen Hallman, Dean G. Kallenbach, Phoenix, for defendant-appellee.

## OPINION

### RICHARD M. DAVIS, Judge Pro Tem.

The appellants are the designated life insurance beneficiaries of decedents who were at one time "Covered Persons" under policies of group disability and life insurance issued by the appellee, Old Republic Life Insurance Company. All of the various group policies in question, which are identical in respect to the subject life insurance coverage, were duly and regularly cancelled at the behest of the Illinois Director of Insurance effective at noon on April 30, 1976. Each of the "Covered Persons" with respect to whose deaths appellants claim proceeds became totally disabled before the time of cancellation and died allegedly without recovering their abilities shortly thereafter.

It is appellee's position, sustained by the court below, that its liability in respect to life insurance terminated at the time of cancellation of the policies on April 30, 1976. This position is based upon section 9(3) of the policies. Appellants' claims of coverage are based upon what they regard as applicable and unqualified language in section 8 of the policies.

Section 8 of each policy is entitled "Waiver of Premium During Total Disability." It reads in pertinent part as follows:

In the event of Total Disability, the insurance of a Covered Person shall be continued in force by the Company without payment of premium for a period of one year and for further periods of one year each provided:

[conditions here set forth relating to proof of disability are omitted.]

Section 9 of the policies, entitled "Termination Of A Covered Person's Insurance", reads in full as follows:

The insurance of a Covered Person shall terminate upon the first to occur of any of the following:

1) the end of the period for which any re-required contribution is last made by a Covered Person towards the cost of his insurance; or

2) the end of the period for which the required premium for a Covered Person is last paid, in the event that the Policyholder fails to pay any such premium, unless payment of the premium is specifically waived as provided for in provisions of this Policy pertaining to Total Disability; or

3) termination of the class of which the Covered Person is a member *or termination of this Policy*; or

4) when the Covered Person ceases to be a member of any class eligible for insurance under this Policy, except that cessation of such membership shall not terminate the insurance of a Covered Person receiving benefits under the provisions of this Policy pertaining to Total Disability. (emphasis added).

Appellants argue, in essence, that if section 8 does not clearly and unambiguously provide for continuous life insurance coverage after an insured becomes and remains totally disabled, notwithstanding the provisions of paragraph 9(3), it is at least susceptible to that construction and creates an ambiguity in the policies which must be resolved in their favor.

■ Ambiguity is frequently asserted but much less frequently found. Courts recognize that the integrity of private agreements depends in vital measure upon the ready enforceability of reasonably clear contracts, and they are sensitively alert to give effect to the plainly manifested intent of the parties. While it is true that actual ambiguity will be construed against the insurer who drafted the policy, when a policy's meaning and intent are clear, it is not for the courts to create ambiguities where none exist or to, in effect, rewrite a policy to avoid "harsh" results. *Harbor Insurance Co. v. United Services Automobile Association*, 114 Ariz. 58, 559 P.2d 178 (App.1976).

■ In ascertaining the meaning of an insurance policy, the language used must be viewed from the standpoint of the average layman who is untrained in either law or insurance. *Federal Insurance Co. v. P. A. T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976). That is to say, simply, that a universal standard of plain English prevails, and an insurer who chooses esoteric language does so at its risk. At the same time, the consumer-layman must have an appreciation of the comprehensive nature of a statement of insurance coverage. He and the court must read the policy as a whole, and reasonable and harmonious effect must be given to all of its provisions, with an appropriate regard for the context of the various component parts. *See Droz v. Paul Revere Life Insurance Co.*, 1 Ariz.App. 581, 405 P.2d 833 (1965). Verbiage cannot be chopped out of clearly defined context and made to grow on alien soil.

■ In the policies before us, we find a total absence of anything approaching ambiguity. A "Covered Person" is defined in section 1 as a member of a class eligible for insurance who is insured under the policy. Section 8, relied upon by appellants, is a premium waiver provision which merely states that the insurance of a covered person shall be continued free of premium charges under certain conditions. Section 9(3) provides in part that "[t]he insurance of a Covered Person shall terminate upon ... termination of this Policy..." These provisions, taken together, are crystal clear and their patent effect is that all life insurance coverage ceased at noon on April 30, 1976.

Appellants have argued that section 8 of the policies fails to distinguish between disability insurance and life insurance coverage, and they have also argued that section 9(2) is somehow prejudicially ambiguous. We are unable to perceive any force at all in these contentions.

If, as appellants assert, this case is one of first impression upon the specific provisions involved, we think it understandable. Overwhelming clarity may be rare, but it is certainly approached here. Analogous holdings, however, are to be found among the cases. *See especially, Walker v. Fidelity Bankers Life Insurance Co.*, 302 So.2d 397 (La.App.1974); and *see also Smith v. Kennesaw Life & Accident Insurance Co.*, 284 Ala. 12, 221 So.2d 372 (1969); *Washington National Insurance Co. v. Ollie*, 200 Ark. 1001, 142 S.W.2d 226 (1940); *Kimbal v. Travelers Insurance Co.*, 151 Fla. 786, 10 So.2d 728 (1942).

The judgment of the superior court is affirmed.

JACOBSON, P. J., and CORCORAN, J., concur.

NOTE: The Honorable RICHARD M. DAVIS, a Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 20.