753 P.2d 178

**John F. PORTER, a single man, Plaintiff/Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY, an Illinois corporation, Defendant/Appellee.**

No. 2 CA–CV 87–0281.

Court of Appeals of Arizona, Division 2, Department B.

Jan. 14, 1988.

Review Denied May 3, 1988.

Hofmann, Salcito, Stevens & Myers, P.A. by Noel K. Dessaint, Phoenix, for plaintiff/appellant.

Jennings, Strouss & Salmon by Stephen A. Myers, Jefferson L. Lankford and John H. Ishikawa, Phoenix, for defendant/appellee.

OPINION

FERNANDEZ, Judge.

In his appeal from the granting of a summary judgment against him, appellant John F. Porter asks us either to grant partial summary judgment in his favor or to find that a clause in a group disability insurance policy issued by appellee Continental Casualty Company is ambiguous and should be construed against Continental. Although his complaint was for both breach of contract and bad faith, Porter has focused only on the breach of contract count on appeal, acknowledging that that cause of action must be resolved first. We find no error and affirm.

Porter was employed by Motorola, Inc., in October 1979. In March 1981, he suffered permanent brain damage in an automobile accident and has been unable to work since. Continental does not dispute the fact that Porter is totally disabled. Continental paid benefits to Porter for six months after the accident under its short-term disability coverage. It has paid no benefits to him under its long-term coverage, although it agrees that he is qualified for policy benefits.

The dispute in this case centers around the clause which governs the amount of benefits payable. The pertinent clause in the master policy reads as follows:

Any monthly indemnity payable hereunder shall be reduced by any amount paid or payable under the disability or retirement provision of the Social Security Act (including any payments for eligible dependents), any Workmen's Compensation or any Occupational Disease Act or law, any state Compulsory disability benefit law and any disability, retirement or other income benefits provided by or through the employer except the profit sharing plan of the employer and the Motorola Officers Supplementary Retirement Benefits Plan. When the monthly Indemnity from all sources as provided in the preceding sentence, in combination with any amounts paid or payable under the Motorola Officers Supplementary Retirement Benefits Plan, exceeds 50% of salary, the amount which is in excess of said percent shall be deducted from the Monthly Indemnity payable to the Insured Employee.

Continental's certificate of insurance, a copy of which was apparently given to each of its employees, summarizes the clause as follows:

Monthly indemnity payable shall be 50% of salary or $3,000.00, whichever is the lesser amount. Any monthly indemnity payable hereunder shall be reduced by any amounts paid or payable under the disability or retirement provisions of the Social Security Act (including any payments for eligible dependents), any Workmen's Compensation or any Occupational Disease Act or Law, any State Compulsory Disability Benefit Law; and any disability, retirement or other income benefits provided by or through Motorola Inc. except the Profit Sharing Plan of Motorola Inc.

Finally, Motorola employees were issued booklets, prepared by Motorola, which summarized the clause as follows:

The *amount* of your monthly benefit depends on your salary when you became disabled, and whether you are receiving any other benefits for the disability.

Your Long-Term Disability benefit will be equal to 50% of your base salary—up to a maximum monthly benefit of $3,000 —*minus* any amounts paid or payable by Social Security (including dependent payments). (Emphasis in original.)

At the time Porter became disabled, his monthly salary was $1,222.00. His maximum disability benefit is thus $611.00. At the time the motion for summary judgment was heard, Porter was receiving monthly Social Security benefits of $431.50, and his

two children were receiving a total monthly benefit of $215.70. Porter and his wife were divorced in 1983. The two children live with his ex-wife. Since the total amount of Social Security benefits is $647.20, more than his maximum benefit of $611.00, Continental has denied payment of any benefits to Porter under its policy. It contends it will be liable to pay benefits to him only when his Social Security benefits fall below the $611.00 maximum policy benefit.

## BREACH OF CONTRACT

■ Porter contends initially that he is entitled to summary judgment on his breach of contract action and an award of payments of $574.80 per month under the policy. He contends that the two sentences of the master policy quoted above, when read together, mean that only the amount by which his Social Security benefits exceed the maximum benefit of $611.00 is the amount that must be deducted from the benefit. Since the difference between those two figures is $36.20, Porter contends that only that amount must be subtracted from $611.00, leaving a payment of $574.80. We disagree.

When the two sentences are read together, it is clear that the first sentence sets out the benefits from other sources which serve to reduce the amount of the payment under the policy. In merely referring briefly to the preceding sentence, the second sentence thus incorporates the other sources without having to restate them at length. Its thrust, however, is aimed at those who are receiving benefits from such other sources in addition to benefits from the Motorola Supplementary Retirement Benefits Plan. Since Porter receives no benefits from that plan, the second sentence is not utilized to calculate the amount of his benefit.

We find no merit to Porter's contention that, because the phrase "in combination with any amounts paid or payable under the Motorola Officers Supplementary Retirement Benefits Plan" is separated by commas, we must ignore the phrase as not being essential to the meaning of the sentence. In construing an insurance policy, we must read it as a whole and give reasonable effect to all its provisions. *Barber v. Old Republic Life Insurance Co.*, 132 Ariz. 602, 647 P.2d 1200 (App.1982).

## AMBIGUITY

■ Alternatively, Porter contends that the language of the policy is ambiguous, thus requiring that it be construed in his favor.

He contends first that neither the certificate of insurance nor the booklet which Motorola gave its employees accurately sets forth the contents of the language in the master policy, contrary to the requirements of *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127, cert. denied, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). We disagree. The certificate of insurance clearly indicates that the amount of the benefit will be reduced by any amounts paid under the disability provisions of the Social Security Act. Likewise, the booklet indicates that the benefit will be calculated by subtracting any amounts paid by Social Security. The limitation of Continental's liability is thus clearly conveyed to the insured.

■ Porter next complains because Continental not only subtracted the $431.50 monthly benefit he receives from Social Security but also the $215.70 monthly benefit which his two children receive. He contends that since the booklet states that the amount of his benefit depends on "whether *you* are receiving any other benefits for the disability" (emphasis added), only the amount paid to him can be deducted. In focusing on that statement in the booklet, however, Porter ignores the next sentence which explains the preceding one by specifically stating that any Social Security payments, "including dependent payments," will be subtracted from the benefit payable under the policy. Porter cannot pick and choose the language he wishes to apply and ignore the rest.

Porter next contends that the payments to his children cannot be used to reduce his insurance benefit because the payments are made to his ex-wife, with whom the

children reside, for their benefit only. He insists that since he received the children's benefit initially only in a representative capacity and has not received them at all since the children moved in with his ex-wife, Continental cannot deduct them from his benefit. In support of that contention, Porter cites the case of *Meeks v. Mutual of Omaha Insurance Co.*, 70 Ill.App.3d 800, 27 Ill.Dec. 313, 388 N.E.2d 1362 (1979). The court in that case did state that Social Security benefits for the disabled person's daughter were paid to the mother in a representative capacity. The court held, however, that the mother's disability insurance could not be reduced by the payments to her daughter because the policy language there permitted reduction of the disability benefit by Social Security payments on behalf of the insured person only. The policy language here clearly differs on that point. Nor is the case of *Coughlin v. Connecticut General Life Insurance Co.*, 330 A.2d 159 (Del.Super.1974), applicable here. In that case, the court found that the policy language was ambiguous and thus construed it in favor of the insured by holding that Social Security payments made to institutions which cared for his children could not be deducted from his benefit. The policy language in that case stated that "all Other Income Benefits" would be subtracted. 330 A.2d at 162. That language and the language defining that clause were held to be ambiguous. The language in question here expressly includes Social Security dependent payments and is not ambiguous.

Porter's final contention is that since "dependents" is not defined either in the master policy or in the Social Security Act, the word is ambiguous and must be construed against Continental pursuant to *Sparks,* supra; *State Farm Mutual Automobile Insurance Co. v. Paynter,* 122 Ariz. 198, 593 P.2d 948 (App.1979); and *State Farm Mutual Automobile Insurance Co. v. O'Brien,* 24 Ariz.App. 18, 535 P.2d 46 (1975).

Although the word "dependents" is not defined in the master policy, the phrase "eligible dependents," which does appear in the policy, specifically refers to the disability or retirement provisions of the Social Security Act. "Dependent" is apparently not defined in the Act, but in 42 U.S.C. § 416(e), the word "child" is defined as "(1) the child or legally adopted child of an individual. . . ." There is no contention that Porter's children are not his, and, since the children are receiving Social Security benefits as a result of his disability, obviously the requirements for benefits under the Act have been met.[1]

Porter also complains because the children no longer live with him and because their benefit payments are made to their mother. There is no requirement in the Social Security Act either for children to reside with the disabled parent or for their benefit payments to be made to the disabled parent. Thus, their actual residence is irrelevant. What is significant is the fact that they are receiving Social Security benefits because of Porter's disability. The fact that a term is not defined in an insurance policy does not render it ambiguous.

We find no ambiguity in the master policy, the certificate of insurance or the booklet Motorola provided to Porter.

## VIOLATION OF PUBLIC POLICY

■ Porter's final argument is that Continental's integration of benefits clause unlawfully discriminates against him because it unfairly discriminates between parents and non-parents. He contends he would be entitled to receive some payment under the disability policy if he had no children. Hence, he claims the clause violates A.R.S. § 20–448(B). That section prohibits, among other things, unfair discrimination "between individuals of the same class and of essentially the same hazard" in the amount of benefits payable under disability insurance contracts. Porter has cited no

---

1. Under 42 U.S.C. § 402(d)(1) a child of an individual entitled to disability benefits is also entitled to benefits if he files an application, is unmarried and under 18 and is dependent upon the individual receiving benefits. Under § 402(d)(3) a child is deemed dependent if he is the natural child of the disability recipient and has not been adopted by someone else.

authority for his proposition that the statute applies to amounts payable to parents as opposed to those payable to non-parents. No such classification has been applied in the area of unfair discrimination, and we see no basis for its application here. We find no unfair discrimination in the facts presented to us in this case.

We find no error in the granting of summary judgment in favor of Continental.

LIVERMORE, P.J., and ROLL, J., concur.